Rosa M. Valdivia
PO Box 5631
Hillsborough, NJ 08844
fn1810421@gmail.com (407) 725-2479

May 15, 2025

Hon. Georgette Castner
United States District Court District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

RE: Valdivia v. Dr. Gladibel Medina, et al. Docket No.: 3:25-cv-03901
Preservation of Right to Amend Complaint Under FRCP 15(a)

Dear Judge Castner:

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, I write to respectfully notify the Court of my intent to preserve the right to amend the federal civil rights complaint currently pending in the above-captioned matter.

I am in the process of receiving clarification from the New Jersey Division of Risk Management regarding whether newly discovered claims concerning medical and procedural misconduct by Dr. Gladibel Medina and the Dorothy B. Hersh Child Protection Center should be added to the pending case or form a new and distinct complaint. A decision on this administrative question is expected within two (2) weeks.

To avoid prejudice, and to facilitate judicial efficiency, I seek leave to file a supplemental or amended complaint that incorporates:

- Violations of my Fourth, Eighth, and Fourteenth Amendment rights;
- Violations of New Jersey Constitution Article I, paragraphs 1, 5, and 12;
- Professional misconduct and forensic bias as outlined in newly surfaced documentation;

Overlapping issues with my tort claim already docketed with the State of New Jersey under Claim No. 21-4163.

I am mindful of the Court's time and resources, and I assure you that the proposed amendments will be narrowly tailored to ensure consistency with the legal standards under 42 U.S.C. § 1983 and the New Jersey Civil Rights Act.

If the Court prefers that I await formal decision from the Risk Management Division before seeking amendment, I am happy to comply and will advise the Court promptly once their determination is rendered.

The following documents are enclosed for filing:

- Amended Complaint (filed May 20, 2025)
- Motion to Direct Clerk to Issue Summons and Serve Defendants (FRCP 4(c)(3))
- Proposed Order (FRCP 4(c)(3))
- Clerk Follow-Up Letter Regarding Service and ECF Status
- Pro Se Consent & Registration Form to Receive Electronic Notices

Thank you for your attention and consideration.

Respectfully submitted,

/s/ Rosa M. Valdivia

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

**ROSA M. VALDIVIA**,

Pro Se Plaintiff,

v.

**DR. GLADIBEL MEDINA**, individually and in her official capacity;
**SAINT PETER'S UNIVERSITY HOSPITAL**;
**DOROTHY B. HERSH CHILD PROTECTION CENTER**;
**DIVISION OF CHILD PROTECTION AND PERMANENCY (DCPP)**;
**ANNEMARIE MUELLER**;
**DANA MORTON**;
**ELIZABETH GUTIERREZ**; and
**JOHN DOES 1-10**,

Defendants.

**Civil Action No.: 3:25-cv-03901**

---

## AMENDED COMPLAINT (JURY TRIAL DEMANDED)

---

### I. NATURE OF THE CASE

This civil rights action is brought pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act (ADA), and the New Jersey Civil Rights Act (CRA), as well as Article I of the New Jersey Constitution, seeking redress for ongoing violations of constitutional and statutory rights by medical, governmental, and legal actors acting under color of law in the State of New Jersey. Plaintiff seeks damages and declaratory relief stemming from a forensic child abuse evaluation conducted by Dr. Gladibel Medina without lawful parental consent, using biased, incomplete, or retaliatory information.

---

### II. JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. § 1331 and 1343(a)(3) for federal questions and civil rights claims, and supplemental jurisdiction under 28 U.S.C. § 1367 for related state claims. Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred within the District of New Jersey.

### III. PARTIES

- **Plaintiff**: Rosa M. Valdivia, a resident of Hillsborough, NJ, proceeding pro se and under approved indigency status.

- **Defendants**:
  - Dr. Gladibel Medina, medical director of the Dorothy B. Hersh Child Protection Center
  - Saint Peter's University Hospital
  - Dorothy B. Hersh Child Protection Center
  - Division of Child Protection and Permanency (DCPP)
  - Annemarie Mueller, DCPP official
  - Dana Morton, prosecutor
  - Elizabeth Gutierrez, involved layperson/coordinator
  - John Does 1–10, currently unidentified agents

### IV. STATEMENT OF FACTS

1. On or about August 25, 2020, Dr. Medina conducted a forensic evaluation of Plaintiff's minor child without obtaining lawful, joint parental consent, in violation of N.J.S.A. 9:2-4 and related standards.

2. Dr. Medina's report failed to include relevant differential diagnoses, including BECC/BESS findings. She relied solely on partial DCPP submissions and omitted exculpatory family history and DV orders.

3. Plaintiff was denied ADA accommodations during these proceedings despite prior documentation and repeated requests.

4. Plaintiff's pro se rights were systematically denied or obstructed by State actors.

5. Records of prior abuse investigations in 2017 marked "Not Established" were unlawfully reopened and weaponized.

6. Plaintiff has suffered reputational harm, emotional distress, family separation, and economic hardship as a result.

7. Plaintiff previously filed administrative tort claims with the State (Claim No. 21-4163), which remain pending and unresolved.

## V. CLAIMS FOR RELIEF

### Count I — Violation of Fourth Amendment (Unlawful Seizure)
Defendants violated Plaintiff's Fourth Amendment rights by orchestrating an unauthorized medical seizure of her child without legal justification, court order, or valid consent.

### Count II — Violation of Fourteenth Amendment (Due Process)
Defendants deprived Plaintiff of life, liberty, and property without due process, including use of biased expert reports and suppression of exculpatory evidence.

### Count III — Violation of First Amendment (Retaliation)
Defendants retaliated against Plaintiff for protected speech, complaints, and advocacy concerning child welfare misconduct.

### Count IV — Violation of the ADA (Title II)
Defendants failed to accommodate Plaintiff's medical impairments during legal and administrative proceedings.

### Count V — Violation of NJ Constitution Article I §§ 1, 5, 12
Plaintiff's rights to liberty, equal protection, and freedom from cruel and unusual punishment were violated.

### Count VI — Violation of NJ Civil Rights Act (N.J.S.A. 10:6-2)
Defendants, acting under color of law, deprived Plaintiff of her rights and interfered with her rights via intimidation, coercion, and misuse of state authority.

## VI. DAMAGES AND RELIEF REQUESTED

- Compensatory damages for emotional distress, reputational harm, and financial loss
- Punitive damages against individual defendants
- Declaratory judgment that the conduct was unlawful
- Injunctive relief preventing further contact or actions based on the unlawful evaluation
- Costs, interest, and reasonable legal expenses

- Any other relief this Court deems just and proper

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Rosa M. Valdivia

PO Box 5631, Hillsborough, NJ 08844

fn1810421@gmail.com

Pro Se Plaintiff

May 20, 2025