NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROSA VALDIVIA,<br><br>                  Plaintiff,<br><br>    v.<br><br>GLADIBEL MEDINA, *et al.*,<br><br>                  Defendants. | Civil Action No. 25-3901 (GC) (JBD)<br><br>**MEMORANDUM ORDER** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court upon *pro se* Plaintiff Rosa Valdivia's revised Application to Proceed *In Forma Pauperis* (IFP).  (ECF No. 16.)  For the reasons set forth below, and other good cause shown, Plaintiff's Amended Complaint (ECF No. 4) is **DISMISSED**.

I.      **BACKGROUND**

Plaintiff commenced this action by filing a Complaint and IFP Application on May 6, 2025. (ECF Nos. 1, 2.)  On May 18, 2025, Plaintiff submitted an Amended Complaint, which is the operative pleading before the Court.[1]  (ECF No. 4.)  The Court denied Plaintiff's initial IFP Application as incomplete on August 28, 2025, (ECF No. 14), and Plaintiff submitted an amended IFP Application on September 12, 2025, (ECF No. 16).

---

[1]      The Court notes that Plaintiff has filed several additional documents on the docket.  (*See, e.g.*, ECF Nos. 9-13, 15.)  However, Plaintiff does not state how these filings relate to the claims asserted in the Amended Complaint or if they are intended to supplement the Amended Complaint. Construing them liberally, they do not appear to clarify the factual basis of Plaintiff's asserted claims.

Plaintiff's Amended Complaint includes seven paragraphs of facts purporting to assert various claims against Defendants Dr. Gladibel Medina, Saint Peter's University Hospital, the Dorothy B. Hersh Child Protection Center, the New Jersey Division of Child Protection and Permanency (DCPP), DCPP official Annemarie Mueller, prosecutor Dana Morton, Elizabeth Gutierrez, and John Does 1-10. (ECF No. 4 at 4-5.) Plaintiff states that, on or about August 25, 2020, Dr. Medina conducted a "forensic child abuse evaluation" of Plaintiff's minor child without obtaining lawful joint parental consent and prepared a report accordingly. (*Id.* at 3-4.) Plaintiff alleges that Dr. Medina's report relied solely on "partial" information provided by DCPP and failed to include exculpatory family history, domestic violence orders, and certain differential diagnoses. (*Id.*) Plaintiff also contends that she was "denied [Americans with Disabilities Act (ADA)] accommodations during these proceedings despite prior documentation and repeated requests." (*Id.*) She further alleges that her "pro se rights were systematically denied or obstructed by State actors" and that prior records from DCPP investigations conducted in 2017 were "reopened and weaponized" against her. (*Id.* at 4-5.) Because of these events, Plaintiff purportedly suffered reputational harm, emotional distress, family separation, and economic hardship. (*Id.* at 4.)

Plaintiff asserts claims under the Fourth Amendment, Fourteenth Amendment, First Amendment, Title II of the ADA, Article I of the New Jersey Constitution, and the New Jersey Civil Rights Act. (*Id.* at 5.) She seeks compensatory damages, punitive damages, declaratory relief, injunctive relief, costs, interest, and other relief the Court deems just and proper. (*Id.*)

## II.     LEGAL STANDARD

### A. *In Forma Pauperis*

To avoid paying the filing fee for a civil case in this district, a litigant may apply to proceed *in forma pauperis*. In considering applications to proceed IFP, the Court engages in a two-step

analysis. *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990). A court need not complete each step, nor must a court complete these steps in a specific order. *See Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) ("[A] court has the authority to dismiss a case 'at any time,' 28 U.S.C. § 1915(e)(2), regardless of the status of a filing fee; that is, a court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously.").

First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). *Id.* Under section 1915(a), a plaintiff's application must "state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Simon v. Mercer Cnty. Comm. Coll.*, Civ. No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb 9, 2011) (citing *United States ex rel. Roberts v. Pennsylvania*, 312 F. Supp. 1, 2 (E.D. Pa. 1969)).

Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e). *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *Green v. Izod Corp. Office & Head-Quarters*, Civ. No. 22-06380, 2024 WL 1809859, at *2 (D.N.J. Apr. 25, 2024) (citing *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995)) ("To guard against potential 'abuse' of 'cost-free access to the federal courts,' 28 U.S.C. § 1915(e) empowers district courts to dismiss an IFP complaint if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards."). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure [('Rule')] 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

"[A] court may dismiss an *in forma pauperis* claim as frivolous if, after considering the contending equities, the court determines that the claim is: (1) of little or no weight, value, or importance; (2) not worthy of serious attention; or (3) trivial." *Deutsch*, 67 F.3d at 1082.

### B. Rule 12(b)(6) – Failure to State a Claim

Although courts construe pro se pleadings less stringently than formal pleadings drafted by attorneys, pro se litigants are still required to "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (citation omitted). "[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### C. Rule 8 – Pleading Requirements

Rule 8 sets forth general rules of pleading requirements and requires (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(a)(1), (a)(2), (d)(1). The allegations in the complaint must not be "so undeveloped that [they do] not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). Even pro se litigants must "comply with the basic pleading requirements of Rule 8(a)." *Purisima v. City of Philadelphia*, 738 F. App'x 106, 107 (3d Cir. 2018).

## III.   DISCUSSION

The Court exercises its discretion to review the merits of Plaintiff's Amended Complaint before it decides whether to grant the IFP application.  *Brown*, 941 F.3d at 660; *see also Schwager v. Norristown State Hosp.*, Civ. No. 23-3866, 2023 WL 8458236, at *2 (E.D. Pa. Dec. 5, 2023) (screening the complaint before addressing the IFP application).

The Court finds that Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.  First, Plaintiff engages in impermissible group pleading.  A group pleading "is a complaint that 'fails to specify which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.'"  *Foulke v. Twp. of Chery Hill*, Civ. No. 23-02543, 2024 WL 3568841, at *7 (D.N.J. July 29, 2024) (quoting *Morales v. New Jersey*, Civ. No. 21-11548, 2023 WL 5003891, at *4 (D.N.J. Aug. 3, 2023)); *see also Innovative Cosm. Concepts, LLC v. Brown Packaging, Inc.*, Civ. No. 18-5939, 2020 WL 7048577, at *2 (D.N.J. Apr. 28, 2020) (describing group pleadings as those in which "it is 'virtually impossible to know which allegations of fact are intended to support which claim(s) for relief'").

Here, Plaintiff asserts claims against "Defendants" broadly but does not attribute specific conduct to any Defendant except for Dr. Medina.  (*See* ECF No. 4 at 4-5.)  As a result, the Court cannot determine which of Plaintiff's factual allegations support which claims for relief against which Defendants.  This fails to satisfy Rule 8, and therefore Plaintiff fails to state a claim against Saint Peter's University Hospital, Dorothy B. Hersh Child Protection Center, DCPP, Annemarie Mueller, Dana Morton, and Elizabeth Gutierrez.  *See Shine v. County of Montgomery*, Civ. No. 23-1952, 2023 WL 7190480, at *4 (E.D. Pa. Nov. 1, 2023) ("[A] pro se complaint must conform with the requirements of Rule 8(a) of the Federal Rules of Civil Procedure, which 'demands more than

an unadorned, the-defendant-unlawfully-harmed-me accusation' or 'naked assertions' that are devoid of 'factual enhancement'").

Second, Plaintiff's factual allegations as to Dr. Medina fail to state a claim. The extent of Plaintiff's allegations about Dr. Medina are as follows:

> On or about August 25, 2020, Dr. Medina conducted a forensic evaluation of Plaintiff's minor child without obtaining lawful, joint parental consent, in violation of N.J.S.A. 9:2-4 and related standards. Dr. Medina's report failed to include relevant differential diagnoses, including BECC/BESS findings. She relied solely on partial DCPP submissions and omitted exculpatory family history and DV orders.

(ECF No. 4 at 4.)[2] Even drawing all inferences in Plaintiff's favor as the Court must, the Court cannot discern a viable claim against Dr. Medina from these allegations. 42 U.S.C. § 1983 "provides private citizens with a means to redress violations of federal law" committed by state actors. *Woodyard v. County of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013). "[T]he basic cause of action requires that a § 1983 plaintiff prove two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011).

---

[2]     The Court also notes that Plaintiff alleges the forensic evaluation underlying her constitutional claims occurred on or about August 25, 2020. (ECF No. 4 at 4.) Claims brought under 42 U.S.C. § 1983 and the New Jersey Civil Rights Act are subject to New Jersey's two-year statute of limitations on personal injury actions and thus may be time-barred. *See Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010).

Here, Plaintiff has not alleged that Dr. Medina was acting under color of state law, and therefore any claim against Dr. Medina pursuant to section 1983 must fail.[3] *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("[The] under-color-of-state-law element of Section 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (citation modified)); *Amig v. County of Juniata*, 432 F. Supp. 3d 481, 486 (M.D. Pa. 2020) ("Generally, § 1983 mandates that claims may only be brought against state actors, not private entities."). Moreover, Plaintiff does not state how Dr. Medina purportedly deprived Plaintiff of her constitutional rights.[4] (*See* ECF No. 4 at 4-5.) The Court infers that Plaintiff alleges that Dr. Medina violated her Fourth Amendment rights by "orchestrating an unauthorized medical seizure of her child." (*Id.* at 4.) But even assuming Plaintiff alleged sufficient facts to support this claim, a Fourth Amendment child-seizure claim "belongs only to the child, not to the parent, although a parent has standing to assert it on the child's behalf." *Voorhis v. Digangi*, Civ. No. 23-66, 2024 WL 4479831, at *9 (W.D. Pa. Aug. 12, 2024) (citation modified). There is no indication here that Plaintiff brings this claim on behalf of any child, and even if Plaintiff did purport to do so, a non-attorney parent "must be represented by counsel in bringing an action on behalf of his or her child." *Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991). Because Plaintiff is proceeding *pro se*, she cannot pursue a Fourth Amendment child-seizure claim on behalf of her minor child against Dr. Medina.

---

[3]   Similarly, Title II of the ADA authorizes suits only against public entities, not individuals. *See Matthews v. Pa. Dep't of Corr.*, 613 F. App'x 163, 169-70 (3d Cir. 2015).

[4]   Although Plaintiff also asserts First Amendment and Title II ADA claims against Defendants broadly, the Amended Complaint alleges no facts from which the Court could reasonably infer either claim as to Dr. Medina.

7

The Court further infers from Plaintiff's assertions that Plaintiff brings a Fourteenth Amendment claim against Dr. Medina because Dr. Medina allegedly used "biased expert reports" and "suppress[ed] exculpatory evidence" in the preparation of her forensic evaluation report. (ECF No. 4 at 5.) But to state a claim for deprivation of procedural due process, a plaintiff must demonstrate that (1) she was deprived of an individual interest included within the Fourteenth Amendment's protection of "life, liberty, or property," and (2) the procedures available to her did not provide "due process of law." *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006) (quoting *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)). Plaintiff alleges only that Dr. Medina's purportedly biased report deprived Plaintiff of "life, liberty, and property" without due process. (ECF No. 4 at 5.) This is a mere recitation of the elements of a procedural due process claim and is insufficient to state a plausible claim for relief. *Battle v. Marchese*, Civ. No. 23-666, 2025 WL 1710538, at *7 (M.D. Pa. May 27, 2025) (citing *Iqbal*, 556 U.S. at 678) (stating that a procedural due process claim requires "a specific identification of the interest [the p]laintiff was deprived of," rather than "just a generic statement that [she] was deprived of an interest").

Because Plaintiff fails to state a federal claim over which this Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction at this early stage over Plaintiff's remaining state-law claims. *See Obuskovic v. Wood*, 761 F. App'x 144, 148-49 (3d Cir. 2019) ("[The Court] has discretion to 'decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction.'" (quoting 28 U.S.C. § 1367(c)(3))); *Francisco v. N.J. Dep't of Corr.*, Civ. No. 23-22775, 2024 WL 4117394, at *2 (D.N.J. Sept. 9, 2024) ("[T]he district court must decline to decide the pendent state law claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.").

8

## IV.    ORDER

For the reasons set forth above, and other good cause shown,

**IT IS** on this 23rd day of July, 2026 **ORDERED** as follows:

1. Plaintiff's Amended Complaint (ECF No. 4) is **DISMISSED** without prejudice.

2. The Clerk's Office is directed to mail Plaintiff a copy of this Memorandum Order and **CLOSE** this case.

3. Plaintiff may have this case reopened if, within thirty (30) days of the date of the entry of this Memorandum Order, Plaintiff files an amended complaint that cures the deficiencies set forth herein. Failure to file an amended complaint within that time will render the dismissal with prejudice or final. *See Hoffman v. Nordic Nats., Inc.*, 837 F.3d 272, 279 (3d Cir. 2016) ("When that 30-day period expired, the District Court's decision became final.").

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE

9